UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LAWRENCE PARIS,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; GOSCH FORD HEMET; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:26-cv-02056 WBS SCR<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Lawrence Paris moves to remand this action to the Superior Court of the State of California, County of Riverside. (Mot. to Remand (Docket No. 10).) Plaintiff alleges Song-Beverly Consumer Warranty Act claims and a fraudulent concealment claim against Ford Motor Company, and a negligent repair claim against Gosch Ford Hemet ("the dealership"), Ford's authorized California dealership. (Compl. (Docket No. 1-1).) The claims arise from plaintiff's purchase of a new 2023 Ford F-150, which was serviced at the dealership "on at least one

occasion" for "substantial repairs" relating to transmission and electrical defects. (Compl. ¶¶ 12, 59.)

In support of removal, Ford argues that plaintiff "abandoned" his "non-viable negligent repair claim against [the dealership]," resulting in the dealership, a California citizen, having been misjoined or fraudulently joined. (Notice of Removal ("Notice") at 5-6 (Docket No. 1).) Ford argues that this "abandonment" occurred when plaintiff failed to respond to the state court's order directing him to provide "(1) Identification of the specific repair alleged to have been negligently performed [by the dealership] and relevant repair orders to be provided; (2) Identification of all negligent repair damages attributable to identified negligent repair [by the dealership] and supporting documents" by May 29, 2026. (Id. at 2.) Ford thus grounds removal on the complete diversity of the parties it deems properly joined: Ford, a citizen of Delaware and Michigan, and plaintiff, a citizen of California. (Id. at 4-5.)

In determining whether removal is proper, a court may disregard a fraudulently joined defendant's citizenship. See Grancare, 889 F.3d at 548 (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)). There is, however, a "general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548.

A defendant may allege fraudulent joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court," a form of constructive fraud. Benton v. Ford Motor Co., No. 26-CV-2096 WBS SCR, 2026 WL

2607640, at *3 (E.D. Cal. Sept. 3, 2026) (Shubb, J.) (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).[1] Here, defendant argues both fraudulent joinder theories.[2] (See Notice at 5-6; Opp'n at 14 (Docket No. 14).)

I. Actual Fraudulent Joinder

"Actual fraud in the pleading of jurisdictional facts" requires "a showing that plaintiff lied in the pleadings." Benton, 2026 WL 2607640, at *3 (citing Cifuentes v. Allstate Vehicle & Prop. Ins. Co., No. CIV-25-716-D, 2026 WL 25458, at *3 (W.D. Okla. Jan. 5, 2026)); see also Hermalyn v. DraftKings, Inc., No. 2:24-CV-00997-MCS-E, 2024 WL 944260, at *2 (C.D. Cal. Feb. 8, 2024) (describing "false statements in a pleading about a party's citizenship" as "paradigmatic" actual fraud).

Here, Ford argues that plaintiff failed to identify any transmission repair performed on his vehicle in response to the state court's order. (Opp'n at 14.) A claim's merits, however, are not relevant to actual fraudulent joinder. See Benton, 2026 WL 2607640, at *3 ("Allegations of inadequate factual support concerning [the dealership's] specific negligent repairs do not relate to a showing of actual fraud, but to the claims' merits."). Accordingly, Ford has failed to establish actual fraudulent joinder.

II. Constructive Fraudulent Joinder

To establish "constructive" fraudulent joinder, a court

[1] In Benton, this court granted a nearly identical motion in a nearly identical case. The parties' arguments are also similar.

[2] Ford only raises its "actual fraud" theory in its opposition brief. It is absent from Ford's notice of removal.

"must consider whether there is 'a possibility that a state court would find that the complaint states a cause of action'" against the non-diverse defendant. Id. at *4 (quoting Edwards v. UPS, No. 2:24-CV-01283 KJM DMC, 2024 WL 4132664, at *4 (E.D. Cal. Sept. 10, 2024) (Mueller, J.)). When "it is abundantly obvious that [a plaintiff] could not possibly prevail," joinder is constructively fraudulent. Id. (quoting Carrick v. Peloton Interactive, Inc., No. 24-00212, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024)). "A colorable claim -- even that which would not survive a Rule 12(b)(6) motion to dismiss -- is sufficient to defeat fraudulent joinder if it 'can possibly be cured by granting the plaintiff leave to amend.'" Id. (quoting Grancare, 119 F.3d at 549-550).

Here, Ford argues that plaintiff "is unable to identify a single alleged repair that was negligent in any way, nor . . . any duty, breach, details of such negligence, or any harm to Plaintiff." (Notice at 5.) Ford characterizes this as "strategic gamesmanship by deliberately withholding the absence of factual support [for plaintiff's] claim." (Opp'n at 8 (Docket No. 14).)

Nonetheless, Ford has not shown that plaintiff's negligent repair claim is futile. "Even a claim which is dismissed under Federal Rule of Civil Procedure 12(b)(6) may still be amended or cured such that there is still a 'possibility' it can prevail." Benton, 2026 WL 2607640, at *4 (citing Grancare, 119 F.3d at 549-50). That is the case here. Even if Ford is correct that plaintiff's factual allegations are insufficient, Ford has not shown that amendment in state court

could not cure the deficiency.

Ford also argues that plaintiff's claim is barred by the economic-loss rule. (See Opp'n at 12-14.) That argument has been repeatedly rejected by federal courts in California -- including this court. See Miranda v. FCA US, LLC, 497 F. Supp. 3d 880, 883 (E.D. Cal. 2020) (Shubb, J.); Benton, 2026 WL 2607640, at *4 (quoting Andrade v. Ford Motor Co., 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023)). Ford has not persuaded the court to accept it now. Accordingly, Ford's constructive fraudulent joinder theory also fails, and it has not shown that removal is proper.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 10) be, and the same thereby is, GRANTED. This case is hereby REMANDED to the Superior Court of California, in and for the County of Riverside, Case No. CVRI2404955.

Dated: October 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE